# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMIT H. MEHTA,<br><br>                   Plaintiff,<br><br>vs.<br><br><br>WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; FIRST AMERICAN TITLE INSURANCE CO.,<br><br>                   Defendants. | CASE NO. 10CV944 JLS (AJB)<br><br>**ORDER: (1) GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S REQUEST FOR JUDICIAL NOTICE;**<br>**(2) GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS;**<br>**(3) GRANTING DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>(Doc. Nos. 24, 25) |

     Presently before the Court are motions to dismiss Plaintiff's second amended complaint by Defendants Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage (collectively, Wells Fargo) (Doc. No. 24 (Wells Fargo Mot.)), and Defendant First American Title Insurance Company (Doc. No. 25 (First Am. Mot.)). Wells Fargo's request for judicial notice supplements its motion. (Doc. No. 24-2 (RJN).) Also before the Court are Plaintiff's oppositions (Doc. Nos. 31 (Opp'n to Wells Fargo Mot.), 32 (Opp'n to First Am. Mot.)), Defendants' replies (Doc. Nos. 33 (Wells Fargo Reply), 34 (First Am. Reply)), Plaintiff's supplemental opposition (Doc. No. 38 (Suppl. Opp'n)), and Wells Fargo's surreply (Doc. No. 39 (Surreply)). Having considered the parties' arguments and the law, the Court **GRANTS** Wells Fargo's request for judicial notice and **GRANTS** both motions to dismiss.

**BACKGROUND**

Plaintiff owned real property in Encinitas, California. (Doc. No. 23 (SAC) ¶ 2.) In 2007, he refinanced a loan secured by his property. (*Id.* ¶ 7.) Two years later, he defaulted, and as a result, First American scheduled a sale of the property for January 5, 2010. (*Id.* ¶¶ 7–10.) Plaintiff then attempted to modify his loan by negotiating with Wells Fargo before the sale. (*Id.* ¶ 11.) During negotiations, on December 30, 2009, a Wells Fargo representative told Plaintiff that the sale would be postponed. (*Id.* ¶ 28.) After much ado, however, the sale occurred on January 5, 2010. (*Id.* ¶ 45.)

Plaintiff then filed the present action, alleging that Defendants acted fraudulently during the negotiation process. (*Id.* ¶¶ 11–47.) Defendants moved to dismiss Plaintiff's first amended complaint. (Doc. Nos. 8, 9.) The Court granted the motions. (Doc. No. 22 (Order).) Plaintiff then filed a second amended complaint, asserting five causes of action: (1) intentional misrepresentation, (2) quiet title, (3) negligent misrepresentation, (4) intentional infliction of emotional distress, and (5) promissory estoppel. (SAC ¶¶ 48–72.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

1  as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at
2  570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible if the facts pleaded "allow[] the
3  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,
4  129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be
5  probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*
6  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.
7  *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions"
8  contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's
9  "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded
10 facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has
11 alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

**1.     Wells Fargo's Request for Judicial Notice**

Wells Fargo requests that the Court judicially notice the trustee's deed upon sale of Plaintiff's property. (RJN 2.) In ruling on a motion to dismiss, a court may consider a document not physically attached to the plaintiff's pleading if its contents are alleged in the complaint and its authenticity is not disputed. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). The complaint in this matter references the trustee's deed and Plaintiff does not challenge its authenticity. Accordingly, the Court takes judicial notice of the deed.

**2.     Intentional and Negligent Misrepresentation**

Plaintiff's claims for intentional and negligent misrepresentation share two common threads. The first is their factual basis: on December 30, 2009, Wells Fargo agreed to postpone the January 5, 2010, sale of Plaintiff's property. (SAC ¶¶ 49, 59.) The second is Plaintiff's allegations of "reliance," which apply, as they must, to both claims. These shared threads allow the Court to dispose of the claims together.

To state a claim for misrepresentation, intentional or negligent, a plaintiff must allege that he justifiably relied on the defendant's representations. *Gil v. Bank of Am., Nat. Ass'n*, 42 Cal. Rptr. 3d 310, 317 (Cal. Ct. App. 2006); *Fox v. Pollack*, 226 Cal. Rptr. 532, 536–37 (Cal. Ct. App. 1986). In

this case, Plaintiff attempts to plead reliance by alleging that he would have pursued other means to avoid foreclosure had Wells Fargo not promised to delay the sale. (SAC ¶ 53.) In support, Plaintiff identifies several means—tendering funds to cure the default, obtaining a temporary restraining order, and seeking bankruptcy protection. (*Id.*) What Plaintiff has not alleged, however, is whether he realistically could have pursued these options three business days before the sale. The SAC does not allege any facts suggesting that Plaintiff would have been successful in taking legal action, nor does it allege Plaintiff's ability to tender. *See Newgent v. Wells Fargo Bank, N.A.*, 2010 WL 761236, at *7 (S.D. Cal. Mar. 2, 2010); *Thoms v. America's Servicing Co.*, 2010 WL 3910083, at *6 (D. Nev. Oct. 1, 2010). Without providing any facts in support, Plaintiff fails to nudge his misrepresentation claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 569.

**3.     Promissory Estoppel**

Plaintiff's promissory estoppel claim arises from the same facts that underlie the misrepresentation claims. (*See* SAC ¶¶ 67–68.) Under California law, promissory estoppel applies if (1) the promisee is injured by (2) reasonably (3) relying on a (4) promise that is not supported by consideration. *U.S. Ecology, Inc. v. State*, 28 Cal Rptr. 3d 894, 905 (Cal. Ct. App. 2005).

Although Plaintiff insists that all four elements are met in this case, the Court disagrees. (*See* SAC ¶¶ 67–72.) Plaintiff has not sufficiently alleged that he "substantial[ly] change[d] [his] position, either by act or forbearance, in reliance on the promise." *Youngman v. Nev. Irrigation Dist.*, 449 P.2d 462, 468 (Cal. 1969). The first allegation of reliance—providing documents and payments to Wells Fargo in August 2009—does not establish reliance at all; at that time, the promise had not yet been made. (*See* SAC ¶ 68.) The second allegation of reliance—not pursuing other courses of action to avoid foreclosure—has already been discarded by the Court as insufficient. Plaintiff's citation of *Aceves v. U.S. Bank, N.A.*, 2011 WL 242426 (Cal. Ct. App. Jan. 27, 2011), is unavailing because the analogy between *Aceves* and this case simply is too tenuous. For instance, unlike the mortgagor in *Aceves*, Plaintiff never attempted to file a bankruptcy action. Further, unlike the bank in *Aceves*, which told the plaintiff not to pursue a bankruptcy proceeding that he had already filed, Wells Fargo never told Plaintiff not to file for bankruptcy. On the facts of this case, the Court finds that Plaintiff has failed to state a claim for promissory estoppel.

### 4. Quiet Title

Plaintiff alleges a quiet title claim against Wells Fargo and First American. (SAC ¶¶ 56–58.) This claim fails for the same reasons the Court identified when dismissing Plaintiff's first amended complaint: Plaintiff has not alleged, as he must, that he tendered the amount of his indebtedness. *See Aguilar v. Bocci*, 114 Cal. Rptr. 91, 91 (Cal. Ct. App. 1974); *Ricon v. Recontrust Co.*, 2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009). Plaintiff concedes as much, but nevertheless contends that he should be given an "opportunity to tender" his indebtedness. (Opp'n to Wells Fargo Mot. 9.) Even if the Court were inclined to grant Plaintiff's request, a decision that would not be supported by substantial case law, doing so would be a "waste . . . [of] the Court's time" because Plaintiff has not even alleged that he is *able* to tender. (Order 26.) Accordingly, Plaintiff's quiet title claim must be dismissed.

### 5. Intentional Infliction of Emotional Distress

In his SAC, Plaintiff also asserts a claim against both defendants for intentional infliction of emotional distress (IIED). (SAC ¶¶ 62–66.) But as Plaintiff concedes, he does not oppose First American's motion to dismiss this claim. (Opp'n to First Am. Mot. 6.) The Court accepts Plaintiff's concession and discusses the residue of the claim, which only pertains to Wells Fargo.

Further discussion proves brief, however, because Plaintiff has not adequately alleged, as he must, that Wells Fargo engaged in "extreme" and "outrageous" conduct intended to cause emotional distress. *Nally v. Grace Cmty. Church*, 763 P.2d 948, 961 (Cal. 1988). That Wells Fargo sent a check to Plaintiff one day before the trustee's sale is not outrageous, and Plaintiff does not sufficiently allege why it is. Nor does Plaintiff provide facts in support of his bald allegation that Wells Fargo "inten[ded] to set up an ambush foreclosure" of his property. (SAC ¶ 15.) Accordingly, Plaintiff's IIED claim fails as a matter of law.

//
//
//
//
//

## CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss and Wells Fargo's request for judicial notice. The action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March 29, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge